HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PUGET SOUNDKEEPER ALLIANCE,

          Plaintiff,

v.

UNITED RENTALS (NORTH AMERICA), INC.,

          Defendant.

Case No. 2:24-cv-02099-RAJ

ORDER

## I.    INTRODUCTION

THIS MATTER comes before the Court on Defendant's Motion to Stay Discovery Pending Motion to Dismiss. Dkt. # 17. Plaintiff opposes the Motion. Dkt. # 20. The Court has considered the Motion, the submissions in support and in opposition of the Motion, the balance of the record, and the applicable law. For the reasons set forth below, the Court **DENIES** Defendant's Motion.

ORDER - 1

## II. DISCUSSION

A district court has discretion under Federal Rule of Civil Procedure 26(c) to limit discovery "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). The Court may "stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002). However, "speculation does not satisfy Rule 26(c)'s good cause requirement." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (finding that the defendants' argument that their motions to dismiss would succeed did not constitute a showing of good cause).

Defendant requests that the Court stay discovery deadlines and issuance of its Rule 16(b) scheduling order pending resolution of Defendant's Motion to Dismiss. Dkt. # 17 at 1. Defendant argues a stay is appropriate because its pending Motion to Dismiss may dispose of the entire case, and "[a] short stay of discovery will prevent the parties and the court from incurring additional costs and expending unnecessary resources." *Id.* at 1–2. Plaintiff argues that staying discovery pending resolution of a motion to dismiss is the exception and not the rule, and Defendant has not met its burden of showing good cause because it "makes no argument other than pointing to its pending Motion to Dismiss to justify a stay." Dkt. # 20 at 3–4. Plaintiff also argues the Motion to Dismiss is unlikely to succeed. *Id.* at 4–8.

The Court finds that a stay of discovery is not warranted. A motion to dismiss, on its own, is not grounds for staying discovery. *See, e.g., Gray*, 133 F.R.D. at 40; *Rosario v. Starbucks Corp.*, No. 16-cv-1951, 2017 WL 4122569, at *1 (W.D. Wash. Sept. 18, 2017). Defendant points to no other justification for its request. At this stage, the Court

is not convinced the Motion to Dismiss will dispose of this case, and Defendant has not met its burden to show that there is good cause to stay discovery.

### III.   CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Stay Discovery Pending Motion to Dismiss, Dkt. # 17.

Dated this 11th day of July, 2025.

The Honorable Richard A. Jones
United States District Judge

ORDER - 3