HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PUGET SOUNDKEEPER ALLIANCE,

   Plaintiff,

 v.

UNITED RENTALS (NORTH AMERICA), INC.,

   Defendant.

Case No. 2:24-cv-02099-RAJ

ORDER

## I.   INTRODUCTION

THIS MATTER comes before the Court on Defendant United Rentals (North America), Inc.'s ("United Rentals") Motion to Dismiss, Dkt. # 15. The Court has reviewed the motion, the submissions in support of and in opposition to the motion, and the balance of the record. United Rentals requested oral argument, but the Court finds oral argument is unnecessary to resolve the pending motion. For the reasons set forth below, the Court **GRANTS** United Rentals' motion.

## II. BACKGROUND

Plaintiff Puget Soundkeeper Alliance ("Puget Soundkeeper") is a non-profit corporation "dedicated to protecting and preserving the environment of Washington State, especially the quality of its waters." Dkt. # 13 ¶ 9. United Rentals operates a facility that "discharges stormwater and pollutants associated with industrial activity to the Duwamish River." *Id.* ¶ 18. Puget Soundkeeper alleges United Rentals' discharges violate the conditions of its National Pollutant Discharge Elimination System ("NPDES") permit, including because the discharges contain excess levels of pollutants. *Id.* ¶¶ 20–21. As a result, Puget Soundkeeper initiated this citizen suit under Section 505 of the Clean Water Act. *Id.* ¶¶ 39–44.

Puget Soundkeeper is "suing on behalf of itself and its members." *Id.* ¶ 8. It alleges its members are "reasonably concerned" about the effects of United Rentals' discharge of pollutants "on water quality and aquatic species and wildlife that Soundkeeper's members observe, study, use, and enjoy." *Id.* ¶ 10. Members are also concerned about the effects "on human health." *Id.* Further, the discharges "lessen Soundkeeper's members' aesthetic enjoyment of nearby areas." *Id.* Puget Soundkeeper "has members who live, work, fish, and recreate around or use the Duwamish River which is affected by United Rental's discharges." *Id.*

## III. LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* A

facial attack is treated similarly to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Fish Nw. v. Thom*, No. 12-cv-570, 2021 WL 4744768, at *2 (W.D. Wash. Oct. 12, 2021). That is, "the court, accepting all allegations as true and drawing all reasonable inferences in the defendant's favor, 'determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.'" *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)). For a facial attack, the court "may not consider matters outside the pleading without converting the motion into one for summary judgment." *Fish Nw.*, 2021 WL 4744768, at *2 (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).

## IV.   DISCUSSION

United Rentals argues the amended complaint should be dismissed for lack of subject matter jurisdiction because Puget Soundkeeper lacks Article III standing. For the reasons discussed below, the Court agrees.

**A.   Standing**

To establish Article III standing, a plaintiff must show "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

United Rentals argues Puget Soundkeeper fails to plead the first element of standing: injury in fact. *See* Dkt. # 15 at 3–4. It argues allegations that members "are generally concerned about the impact of the discharge of pollutants on water quality and

aquatic species and wildlife that [they] observe, study, use, and enjoy . . . do not amount to particularized injury to these specific plaintiffs." *Id.* at 4. In its response, Puget Soundkeeper rely in large part on declarations from its executive director and affected members detailing the impact of United Rentals' conduct on their use and enjoyment of the Duwamish River. Dkt. # 21 at 13–20. In its reply, United Rental states the additional facts included in the declarations "establish that [Puget Soundkeeper] has Article III standing" but "those facts were not alleged in either the original or amended complaint." Dkt. # 28 at 2.

As a threshold matter, the Court declines to consider Puget Soundkeeper's supporting declarations. United Rentals raises a facial, rather than factual, challenge to subject matter jurisdiction because it challenges only the sufficiency of Puget Soundkeeper's allegations to establish standing, not the truth of those allegations. When reviewing a facial challenge to subject matter jurisdiction, courts are limited to allegations in the complaint and may not consider extrinsic evidence such as declarations. *See Fish Nw.*, 2021 WL 4744768, at *4 ("Because Federal Defendants raise a facial challenge under Rule 12(b)(1), the Court cannot examine extrinsic evidence."); *Ctr. For Biological Diversity v. Bernhardt*, No. 19-cv-5206, 2020 WL 4188091, at *5 n.4 (N.D. Cal. May 18, 2020) (declining to review declarations submitted in opposition to a facial challenge to subject matter jurisdiction).

Turning to the merits, an organization "can bring suit in federal court under two theories of standing: (1) an organization can sue on its own behalf, or (2) it can sue on behalf of its members." *Fish Nw.*, 2021 WL 4744768, at *3. Although Puget Soundkeeper argues it has standing "both through its members . . . and in the organization's own right," Dkt. # 21 at 2, its response brief focuses exclusively on injury to its members. The response brief does not point to any allegation in the amended

ORDER - 4

complaint that Puget Soundkeeper itself suffered an injury in fact. Accordingly, the Court finds the amended complaint fails to allege standing under this theory.

Next, an organization has standing to bring suit on behalf of its members when "(1) any one of its members would have standing to sue; (2) the interests the organization seeks to protect are germane to the purposes of the organization; and (3) neither the action nor the relief sought requires participation by the individual member or members." *EEOC v. Nev. Resort Ass'n*, 792 F.2d 882, 885 (9th Cir. 1986); *see also Laidlaw*, 528 U.S. at 181. To establish that members have standing to sue in their own right, Puget Soundkeeper must plead the members satisfy the three standing elements cited above, including that the members suffered an injury in fact. "The 'injury in fact' requirement in environmental cases is satisfied if an individual adequately shows that she has an aesthetic or recreational interest in a particular place, or animal, or plant species and that that interest is impaired by a defendant's conduct." *Ecological Rights Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1147 (9th Cir. 2000).

The following cases are illustrative of the level of factual specificity required to establish standing on behalf of an organization's members at the pleading stage. In *Central Valley Eden Environmental Defenders, LLC v. Champion Home Builders, Inc.*, No. 23-cv-1273, 2024 WL 115386 (E.D. Cal. Jan. 10, 2024), the plaintiff organization pleaded "an injury to the aesthetic, recreational, and scientific use and enjoyment of the Sacramento River," which the plaintiff's members used "as their watersheds for kayaking, canoeing, camping, cycling, recreation, sports, fishing, swimming, hiking, bird watching, photography, nature walks, and scientific study." *Id.*, at *5 (internal quotation marks omitted). The court found these allegations were "threadbare" and "the sort of 'formulaic recitation' of the requirements for standing against which the Supreme Court has cautioned." *Id.*; *see also Cent. Valley Eden Envtl. Defenders, LLC v. Airgas USA,*

*LLC*, No. 24-cv-3547, 2025 WL 1150920 (E.D. Cal. Apr. 18, 2025) (same); *Fish Nw.*, 2021 WL 4744768, at *3–4 (finding insufficient generalized statements that organization's members enjoy fishing, care deeply about conservation of Puget Sound salmon, and run businesses that rely on salmon fisheries).

On the other hand, in *Oregon Natural Desert Association v. Meink*, -- F. Supp. 3d --, 2025 WL 2452506 (D. Or. 2025), the plaintiff organization "identifie[d] five members and their connection to the affected waters to establish standing." *Id.*, at *6. For example, the complaint alleged that one member "hiked" and "rafted on portions of the" affected area, relied on the rivers "as drinking water sources," plans to return to the area for hiking and "for a rafting trip in 2025," and is "concerned about the discharges' impacts on drinking water and the fauna that they enjoy seeing in the region." *Id.* The magistrate court's findings and recommendation, as adopted by the district court, found these allegations were sufficient to establish an injury because they demonstrated, through factually specific allegations, the members' recreational and aesthetic interests in the affected area and the harm resulting from the defendant's conduct. *Id.*, at *11.

Here, Puget Soundkeeper's allegations are more similar to the allegations deemed insufficient in the cases cited above. Puget Soundkeeper generally alleges that its members use and enjoy the Duwamish River, and that their aesthetic and recreational interests in the river have been impaired by United Rentals' conduct. Dkt. # 13 ¶ 10. It does not identify any individual member harmed by United Rentals' conduct or provide factually specific details about those members' use of the Duwamish River and the harm they suffered, and will continue to suffer, due to United Rentals' alleged violations. *Id.* These allegations lack the requisite factual specificity to support Article III standing.

United Rentals concedes, however, that the additional details included in declarations submitted by Puget Soundkeeper are sufficient to establish standing. Dkt. #

ORDER - 6

28 at 2. Thus, the deficiencies in the amended complaint may plainly be cured through amendment, and dismissal is therefore with leave to amend.

### B.      Remaining Arguments

United Rentals raises two other arguments for dismissal: (1) Puget Soundkeeper failed to provide adequate 60-day notice as required by the Clean Water Act; and (2) claims related to non-continuous, intermittent and wholly past violations should be dismissed for failure to state a claim. Dkt. # 15 at 4–6. Because Puget Soundkeeper failed to allege standing, the Court need not reach these remaining arguments.

However, it briefly offers the following observations. As to inadequate notice, United Rentals primarily takes issue with the fact that the 60-day notice "alleged that [United Rentals] violated the terms of its permit for five years; despite the fact that Defendant did not obtain the permit until January 2023." Dkt. # 15 at 5. United Rentals' motion does not provide much more explanation beyond this statement, including any case citations suggesting this type of defect renders a 60-day notice invalid in its entirety. In its response, Puget Soundkeeper does not provide any direct rebuttal to this argument, including whether it agrees that it was improper to include in its notice allegations going back five years, and whether the inclusion of such allegations impacts the sufficiency of its notice. In addition, United Rentals' motion makes vague references that Puget Soundkeeper was on notice that other alleged violations had "no factual basis," but does not clearly identify what those violations are and why they are unsupported. If the inadequate notice issue is raised again in future briefing, both parties must provide additional analysis to assist the Court's review, with citations to analogous cases if available.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant United Rentals' Motion to Dismiss, Dkt. #15, and **DISMISSES** the Amended Complaint **WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND** within 21 days of this order.

Dated this 5th day of December, 2025.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge